1  BOWMAN AND BROOKE LLP
   Julian G. Senior (SBN: 219098)
2  Heidi M. Yoshioka (SBN: 149580)
   970 West 190th Street, Suite 700
3  Torrance, CA  90502
   Telephone No.: (310) 768-3068
4  Fax No.: (310) 719-1019

5
   Attorneys for Defendant
6  KIA MOTORS AMERICA, INC.

7

8                 **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11  CHRISTIN  WILSON  and  JEROME )    **CASE NO.:  8:18-cv-802**
    WILSON,                       )
12                                )    (Removed   from   Riverside   Superior
                                  )    Court, Case No: RIC1806543)
13              Plaintiff,        )
                                  )
14                                )    **NOTICE OF REMOVAL TO THE**
       vs.                        )    **UNITED STATES DISTRICT**
15                                )    **COURT FOR THE CENTRAL**
                                  )    **DISTRICT OF CALIFORNIA –**
16  KIA  MOTORS  AMERICA,  INC.; )     **SOUTHERN DIVISION UNDER 28**
    and DOES 1 to 10,             )    **USC 1441(a) BASED UPON**
17                                )    **FEDERAL QUESTION UNDER 28**
18              Defendants.       )    **U.S.C 1331; DECLARATION HEIDI**
                                  )    **M. YOSHIOKA; EXHIBIT "A"**
19  ──────────────────────────────)

20                                     Trial:            None

21

22

23

24  TO  THE  CLERK  OF  THE  UNITED  STATES  DISTRICT  COURT  FOR  THE

25  CENTRAL DISTRICT OF CALIFORNIA:

26         Defendant Kia Motors America, Inc. ("KMA") hereby removes this case to

27  the United States District Court for the Central District of California pursuant to 28

28  U.S.C. § 1441 (a), based upon federal question jurisdiction under 28 U.S.C. §1331.

The basis for removal is as follows:

1.     On April 5, 2018, Plaintiffs Christin and Jerome Wilson commenced this action in the Riverside Superior Court entitled as follows: Christin Wilson and Jerome Wilson v. Kia Motors America, Inc., and DOES 1 through 10, Inclusive, Case No. RIC1806543, alleging causes of action relating to the purchase of a 2014 Kia Sorrento, VIN 5XYKT3A69EG426744 against KMA.  The Complaint alleges violations of the Song-Beverly Consumer Warranty Act, but seeks remedies under the Magnuson-Moss Warranty Act.  KMA was served with a copy of Plaintiffs' Summons and Complaint on April 6, 2018, through its designated agent for service of process, CT Corporation.  A true and correct copy of Plaintiffs' Complaint and all process received are attached as Exhibit "A" to the Declaration of Heidi Yoshioka.

2.      The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. §1331 as the first cause of action arises under the federal Magnuson Moss Warranty Act, 15 U.S.C. § 2301, et seq., since Plaintiffs pray for relief under the federal statute and satisfies the necessary amount in controversy under that statute.

**Federal Question Jurisdiction under 28 U.S.C. §1331:**

3.     Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331, if federal law either creates the cause of action or the Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust (1983) 463 U.S. 1, 27-28.

4.     This Court has original jurisdiction of Plaintiffs' first cause of action as the "right to relief necessarily depends on" a federal statute, i.e. 15 U.S.C. § 2310(d)(2) et seq., otherwise known as the Magnuson-Moss Warranty Act.

/ / /

1    5.    "Federal-question jurisdiction is usually invoked by plaintiffs
2  pleading a cause of action created by federal law, but [the Supreme] Court has also
3  long recognized that such jurisdiction will lie over some state-law claims that
4  implicate significant federal issues." *Grable & Sons Metal prod., Inc. v. Darue*
5  *Eng'g & Mfg.*, 545 U.S. 308 (2005) (citing *Smith v. Kansas City Title & Trust Co.*,
6  255 U.S. 180.) "[A] federal question is potentially raised by the state law cause of
7  action's express incorporation of federal law." *Utley v. Varian Assocs.*, 811 F.2d
8  1279, 1287 (9th Cir. 1987). Plaintiffs can "avoid federal jurisdiction by exclusive
9  reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10    6.    Here, Plaintiffs undoubtedly invoke a federal question through their
11  state law claims because they plead for relief under the federal Magnusson-Moss
12  Warranty Act, 15 U.S.C. § 2310(d)(2). Plaintiffs attempt to evade federal
13  jurisdiction by masking their Magnusson-Moss claims as purely state law claims
14  yet seeking relief under the federal statute. However, the Supreme Court has
15  already held in *Catepillar* that Plaintiffs can choose to avoid federal jurisdiction by
16  only relying on state law, Plaintiffs in this case choose not to do that, instead they
17  plead a federal question on the face of the complaint by seeking redress under the
18  Magnuson-Moss Warranty Act.

19    **Amount in Controversy under 15 U.S.C. § 2310(d)(3)(B):**

20    7.    Section 2310(d)(1)(B) of Magnuson-Moss states in part that a
21  consumer who is damaged by a warrantor's failure to comply with a warranty "may
22  bring suit for damages and other legal and equitable relief in an appropriate district
23  court of the United States, subject to paragraph (3) of this subsection." Paragraph
24  (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under
25  paragraph (1)(B) of this subsection … if the amount in controversy is less than the
26  sum or value of $50,000 (exclusive of interest and costs) computed on the basis of
27  all claims to be determined in this suit…." 15 U.S.C. § 2310(d)(3)(B).
28  / / /

8.    The Supreme Court determined that the amount in controversy "is not limited to damages incurred prior to removal." *Chavez v. Jpmorgan Chase & Co*, 2018 DJDR 3509, 3510 (2018). "Rather, the amount in controversy is determined by the operative complaint at the time of removal and encompasses all relief a court may grant on that complaint if the Plaintiff is victorious." *Id.*

9.    Here, the amount-in-controversy exceeds $50,000.  As set forth in the Prayer for Relief with respect to the first causes of action, Plaintiffs seek "actual damages" and "a civil penalty in the amount of two times Plaintiffs' actual damages." (Page 8, Lines 3-5 of the Complaint). Additionally, Plaintiffs' seek "costs of the suit and Plaintiff's reasonable attorneys' fees," and "consequential and incidental damages" along with prejudgment interest. (Page 8, Lines 8-11 of the Complaint).

10.    According to the Complaint, Plaintiffs' actual damages are "not less than $25,000.00." (Page 3, Lines 15-16 of the Complaint).  A base level 2014 Kia Sorento has an MSRP of $24,950.00, thus, Plaintiffs claim that their damages are at least $25,000.00 only account for "actual damages" and do not include the other damages Plaintiffs seek including civil penalties, consequential damages, incidental damages, cost, or attorney's fees. Hence, the total amount of civil penalty at issue is two times Plaintiffs' actual damages or *at least* $50,000.   In California lemon law cases Plaintiff firms routinely assert a claim for attorney's fees up to $300,000 in cases that go to trial. (Decl. Yoshioka at ¶ 4.) Consequently, Plaintiffs' Complaint seeks an absolute minimum of $75,000 in monetary damages and civil penalties although the attorney's fees can easily be more than $300,000. See, Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) [amount in controversy requirement may be established by showing that such damages are "facially apparent" from the Plaintiffs' Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount]; Brady v. Mercedes-Benz USA, Inc., 243 F. Supp.2d 1004, 1009 (U.S.D.C. N.D. Cal., 2002).

1  Accordingly, the amount in controversy is satisfied as plaintiffs are seeking a
2  minimum of $75,000 in monetary damages, not including other compensatory
3  damages or attorneys' fees which could easily bring the amount in controversy to
4  $375,000.

5      11.    KMA will promptly notify Plaintiffs and the Superior Court of this
6  removal as required by 28 U.S.C. §1441(d).

7

8  DATED: May 7, 2018                    BOWMAN AND BROOKE LLP

9

10                                 BY:   /s/ Heidi M. Yoshioka
11                                       Julian G. Senior
12                                       Heidi M. Yoshioka
                                         Attorneys for Defendant
13                                       KIA MOTORS AMERICA, INC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF HEIDI M. YOSHIOKA

I, Heidi M. Yoshioka, declare as follows:

1.     I am an attorney admitted to practice before all courts of the State of California and the Central District Court.  I am a partner with the law firm of Bowman and Brooke LLP, attorneys of record Kia Motors America, Inc. ("KMA"). I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.     This declaration is offered in support of KMA's Notice of Removal to the United States District Court for the Central District of California Under 28 U.S.C. Section 1441(a) based upon federal question jurisdiction under 28 U.S.C. §1331.

3.     I have personal knowledge that Plaintiffs firms have sought $300,000 in attorney's fees after they have completed a lemon law trial.

4.     A true and correct copy of Plaintiffs' Summons, Plaintiffs' Complaint, Civil Case Cover Sheet, and the Notice of Service of Process received by KMA is attached hereto as Exhibit "A."


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of May, 2018 at Torrance, California.


/s/ Heidi M. Yoshioka
Heidi M. Yoshioka, Declarant

**PROOF OF SERVICE**
F.R.C.P Rule 5(b)(2)

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502.

On **May 7, 2018,** I served the foregoing document described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION UNDER 28 USC 1441(a) BASED UPON FEDERAL QUESTION; DECLARATION HEIDI M. YOSHIOKA; EXHIBITS "A"-"B"** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Brian K. Cline, Esq.               **Attorneys for Plaintiffs**
Eric K. Natenstedt, Esq.
CLINE APC                          Tel:  858/ 373-9337
7855 Ivanhoe Avenue, Suite 408     Fax:  858/ 454-3548
La Jolla, California 92037         Email:  brian@clineapc.com
                                           eric@pecoracline.com

☒    **BY MAIL (F.R.C.P. Rule 5(b)(2)):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.

☐    **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6)):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

☐    **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (F.R.C.P. Rule 5(b)(2)):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

Executed on **May 7, 2018**, at Torrance, California.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Carsi Beechler